**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION**

**KIMBERLY OWENS-PEARSON, JUSTIN J. PEARSON, LAJUANA ABRAHAM, JASMINE BERNARD BY AND THROUGH HER GUARDIAN AD LITEM JAMILLE HILL BERNARD, AMBER SHERMAN, KESHAUN PEARSON,**

*Plaintiffs*,

v.

**MEMPHIS CITY COUNCIL, CITY OF MEMPHIS, CHAIRWOMAN SWEARENGEN-WASHINGTON IN HER OFFICIAL CAPACITY,**

*Defendants*.

Case No.: 2:26-cv-03358-TLP-tmp

JURY TRIAL DEMANDED

**MEMORANDUM OF FACTS AND LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

## I. Introduction

Plaintiffs challenge unconstitutional government-imposed speech restrictions that limit their participation at public meetings in violation of the First Amendment. Plaintiffs are residents of Memphis who regularly attend meetings of the Memphis City Council to advocate on matters of public concern. They seek to vindicate their constitutional rights against a policy that impermissibly burdens free expression and civic engagement.

The "Speech Restriction Policy" prohibits broad and undefined categories of speech without a clear standard or any guidance, resulting in self-censorship by Plaintiffs and thereby eliminating robust debate. This is precisely the harm the First Amendment was designed to protect against. Because of this policy, Plaintiffs have suffered irreparable harm: The loss of First Amendment rights through self-censorship. Further, absent an injunction, Defendants would be free to announce the restrictions and enforce them, resulting in an ongoing harm of chilled speech.

In its previous Order Granting in Part Motion for Temporary Restraining Order, this Court found that many of the terms in Defendants' Speech Restriction Policy facially discriminate based on viewpoint. (ECF No. 32 at 19). Specifically, the Court enjoined enforcement of the Memphis City Council Rules of Procedure restrictions as to the following terms: (1) personal, (2) impertinent, (3) slanderous, (4) defamatory, (5) abusive, and (6) gossip. In this Motion, Plaintiffs request this same relief, relying on the same facts and legal arguments, pending final judgment on the merits.[1]

The necessity of a Preliminary Injunction is clear: Without an injunction, Plaintiffs will be deprived of their constitutional rights to speak freely and participate fully in public discourse at

---

[1] Plaintiffs do not waive any arguments with respect to their merits challenge to Defendants' inclusion of the terms "vulgar" and "profane" in their policy.

City Council meetings while this lawsuit is pending. The requested order is essential to prevent this harm at upcoming meetings occurring after the TRO's expiration on November 17, 2026, and an injunction serves the public interest by protecting core First Amendment freedoms and ensures that Memphis City Council meetings remain open forums for meaningful civic engagement.

## II. Facts

Plaintiffs incorporate by reference the facts outlined in their Complaint, (ECF No. 1 at 5-12), the declarations attached to their Emergency Motion for Temporary Restraining Order, (ECF Nos. 2-5, 2-6, 2-7, 2-8, 2-9, 2-10), and the Court's Order Granting in Part Motion for Temporary Restraining Order, (ECF No. 32 at 2-4).

The Court entered its Order Granting in Part Motion for Temporary Restraining Order on October 20, 2026. At the City Council meeting later that day, the City Council did not announce the restrictions on speech outlined in the Court's Order. On October 29, 2026, the Court extended the Temporary Restraining Order for an additional fourteen days. It is now scheduled to expire on November 17, 2026.

Upon expiration of the TRO, Plaintiffs are at risk of unconstitutional enforcement of restrictions on speech that facially discriminate based on viewpoint. Defendants have not, to Plaintiffs' knowledge at time of filing, amended their Rules or repealed the restrictions this Court found to violate the First Amendment. A Preliminary Injunction pending final judgment consistent with the Court's TRO is therefore necessary to avoid irreparable harm in the loss of Plaintiffs' First Amendment rights.

## III. Argument

This Court should grant Plaintiffs' Motion for Preliminary Injunction because (1) Plaintiffs have "a strong likelihood of success on the merits[,]" as previously found by this Court and given

the significant precedential authority supporting the First Amendment challenge presented; (2) Plaintiffs "would suffer irreparable injury absent the injunction" through an ongoing loss of First Amendment rights; (3) the injunction would not "cause substantial harm to others" because there is a substantial likelihood that the challenged restrictions are unconstitutional; and (4) "the public interest would be served by the issuance of an injunction" as it would vindicate individual rights. *Bays v. City of Fairborn*, 668 F.3d 814, 818-19 (6th Cir. 2012); *see also Free Speech Coalition, Inc. v. Skrmetti*, 761 F. Supp. 3d 1132, 1142 (W.D. Tenn. 2024).

**a. Plaintiffs are Likely to Succeed on the Merits.**

Because there are no further factual developments and this Court previously found that Plaintiffs are likely to succeed on the merits of their facial challenge to the restrictions that are the subject of this Motion, Plaintiffs incorporate by reference the arguments made in their Emergency Motion for Temporary Restraining Order, (ECF No. 201 at 11-20), and the Court's reasoning in its Order Granting in Part Motion for Temporary Restraining Order, (ECF No. 32 at 19-23).

**b. Plaintiffs Will Suffer Irreparable Harm Absent a Preliminary Injunction.**

Defendants' Speech Restriction Policy causes Plaintiffs irreparable harm by chilling their speech. "[E]ven minimal infringement upon First Amendment values constitutes irreparable injury sufficient to justify injunctive relief." *ACLU Fund of Mich. v. Livingston Cnty.*, 796 F.3d 636, 649 (6th Cir. 2015) (internal quotations omitted). Plaintiffs' "loss of First Amendment freedoms . . . unquestionably constitutes irreparable injury." *See Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 690 (6th Cir. 2014) (internal quotations omitted).

The Speech Restriction Policy irreparably injures all self-censoring commenters because, without any guidance on the terminology of the policy, they are left to guess at how it might be applied when they speak. The Speech Restriction Policy is regularly announced and enforced at

City Council meetings. Defendants have not pledged to abstain from future enforcement or announcement of the policy once the TRO expires. Plaintiffs and other commenters will continue to suffer First Amendment harms from these policies as long as this continues to be the case. *But see Moms for Liberty*, 155 F.4th at 514 (explaining that due to unique circumstances, in which a public comment policy had been removed and the government made a binding commitment not to reinstate the policy for the pendency of the relevant litigation, the plaintiffs were unlikely to suffer irreparable harm for the litigation period). "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Bays*, 668 F.3d at 824 (internal quotations omitted).

**c. An Injunction Will Not Result in Substantial Harm to Others.**

"[I]f the plaintiff shows a substantial likelihood that the challenged law is unconstitutional, no substantial harm to others can be said to inhere its enjoinment." *Id.* at 825 (internal quotations omitted). Granting Plaintiffs' preliminary injunction would not harm Defendants' interest in maintaining an organized and on-task forum. Defendants can achieve their objectives through content-neutral policies, such as placing time limits on speakers and requiring all comments to be made at the designated speaker podium. *See Marshall*, 571 F. Supp. at 428 (finding that any harm to the defendant from "speakers going too far afield" during their allotted speaking period "appears minimal and is outweighed by the risk of free speech infringement"). Removing the blanket Speech Restriction Policy would not alter the efficacy of meetings for Defendants, and it would allow more robust community participation in local government.

**d. The Public Interest Is Served by an Injunction.**

The public has an interest in the correct application of the First Amendment. *See Jones v. Caruso*, 569 F. 3d 258, 265-66 (6th Cir. 2009) ("[T]he questions of harm to the parties and the

public interest cannot be addressed properly in the First Amendment context without first determining if there is a constitutional violation."). Speakers who wish to participate in their community's public forum have the constitutional right to speak to their government officials on issues that impact their community without worrying about restrictions on their speech. When a finding of a First Amendment violation is likely, "the public interest militates in favor of injunctive relief because it is always in the public interest to prevent violation of a party's constitutional rights." *ACLU Fund. of Mich.*, 796 F.3d at 49 (quoting *Miller*, 622 F.3d at 540).

## IV. Conclusion

For the aforementioned reasons, this Court should grant Plaintiffs' Motion for Preliminary Injunction.

Date: November 2, 2026

Respectfully submitted,

/s/ Ryan Riedmueller
Ryan Riedmueller
Jennifer Safstrom
Camelia Assadian
Sam Sidle
Stanton Foundation First
Amendment Clinic
Vanderbilt University Law School
131 21st Avenue South
Nashville, TN 37203
615-322-4964
ryan.riedmueller@vanderbilt.edu
jennifer.safstrom@vanderbilt.edu

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of November 2026, a copy of the foregoing was served electronically on all counsel of record via the NEF function on CM/ECF.

Respectfully submitted,

/s/ Ryan Riedmueller
Ryan Riedmueller